## HALL *v*. SPAULDING.

Where it was provided in a lease that, if the lessor should fail to obtain a deed of a part of the property leased, the lease should become void, or the lessee should have a right to a lease of the residue on the same conditions, it was held that if the lessee entered and occupied without such deed being obtained, he would be taken to have elected not to avoid the lease, but to hold the residue according to its terms.

An order by the owner of the part not conveyed, directing the lessee to pay the rent of his part to the lessor, was held irrelevant and inadmissible to supply the want of a deed.

An averment of the meaning of the stipulations of a lease, recited in the declaration, not consistent with its language, will be regarded merely as surplusage.

The stipulation that the defendant shall have a right to a lease of the residue, will not be construed to require the execution of a new lease.

The omission, in one count, to state the condition of the lease relating to the deed, was held a fatal variance.

IN COVENANT. The declaration sets forth that whereas, on the 22d of September, 1854, the defendant, Samuel F. Spaulding, was joint owner with one Hubbard, of one undivided half of the Tip Top and Summit Houses, on Mount Washington, &c., and the plaintiff, Joseph S. Hall, owned three eighths, and N. Noyes one eighth of the same, held by them by the firm of Hall, Spaulding & Co., the plaintiff, Hall, on said 22d, &c., at, &c., by indenture between him and Spaulding, sealed, &c., and in court, &c., demised to said Spaulding one undivided half of said houses, &c., for two years from the first of June then next, for $1,200, payable in sums of $200, on the first day of August and September, and the 15th of September of the two next years; and it was therein stipulated by Hall that, if he should fail to obtain a deed of Noyes of his one eighth, the indenture should be void, or the defendant should have a right to three undivided eighths on the same condition, thereby meaning that, in case the plaintiff should fail to secure to the defendant the right to enter and occupy the premises, without let or hindrance of Noyes, for

Hall *v.* Spaulding.

said term, it should be the defendant's privilege to regard said indenture as void, or to enter and occupy the premises during said term, paying three eighths of those sums; and it was agreed by the plaintiff that he would warrant, &c., put his part in repair, &c., and the defendant agreed to restore the premises, &c., and to pay the said rent, and, in case of refusal to pay the rent when due, the plaintiff should have the right to take possession. It was agreed that an invoice should be taken, and delivery made of the demised premises by the first of June. The plaintiff avers that an invoice, &c., was taken, &c., June 1, 1855, and the plaintiff secured to the defendant the right to occupy, &c., said premises for said term, and the defendant, on that day, entered and became possessed, &c., and occupied and enjoyed the same, without let or hindrance of Noyes, for the season of 1855, and till October 4, 1855, when said indenture was terminated by mutual agreement; $200 was paid August 1, 1855, and the same became due September 1, 1855, and September 15, 1855, and the defendant has not paid, &c.

The second count omits all the agreement relative to Noyes' deed.

The defendant, with the plea of *non est factum*, filed a brief statement, that by said indenture it was agreed that if Hall failed to obtain a deed of one eighth of the property of N. Noyes, the lease should be void; that he never did obtain a deed of said one eighth of Noyes, and said covenant being a condition precedent to his performance of his covenants, the defendant is not bound by them.

On the trial, the lease was produced, informal, but substantially as stated in the first count; but it contained a provision that an invoice should be made of the personal property, and delivery made on the first of June next.

The plaintiff proved the defendant occupied the whole of the property, the season of 1855, the house being only occupied from the middle of June to the middle of Sep-

tember, annually, paid $200 rent, and was released from the indenture October 4, 1855.

The plaintiff did not show he received or procured a deed of Noyes' interest, but produced an order as follows:

"Sept. 7, 1855. M. Spaulding & Co. Please settle with J. S. Hall, and pay him the amount of profits of my one eighth of summit business, it being for value received, and this will be your receipt, &c.　　　　Nath'l Noyes." which he offered in evidence, but it was objected to, and rejected by the court.

The defendant moved for a nonsuit, because of a variance of the declaration and proof, and because the plaintiff did not obtain a deed of Noyes, and the lease was, consequently, void; and a nonsuit was ordered.

*Haywood,* and *Cooper,* for the plaintiff.

*Benton & Ray,* and *Burns & Fletcher,* for the defendant.

BELL, C. J. The order of Noyes was clearly inadmissible. It was irrelevant. The only view in which it could be supposed to be. competent, is that it might serve as an equivalent for the deed, which the plaintiff agreed to obtain of Noyes as a condition precedent. It could have no such effect. A deed would have made the lessee's title complete. The order did not allude to the lease, or to any rent, but requested him "to settle with Hall, and pay him my one eighth of summit business," without fixing the amount of his claim.

The first count contains an averment of the meaning of the conditional clause of the lease. The clause of the lease is stated substantially as it is; but the plaintiff then gives a statement of its meaning, in which he makes this clause, "in case the plaintiff shall fail to obtain a deed of said Noyes of his undivided eighth part of said demised premises, that said indenture shall be void," &c., to mean that, "in case he (the plaintiff) should fail to secure

to the defendant the right to enter and occupy the demised premises, without let or hindrance of him, the said Noyes, for and during the term aforesaid, it should be his (the defendant's) privilege to regard said indenture as null and void, or," &c.

Now it requires no discussion to show that this is not its meaning. The meaning stated may, perhaps, express the objects of the parties, the purpose they intended to secure by the stipulation they introduced; but this is in no sense the meaning of the language. If, then, we regard this as an attempted statement of the legal operation of the deed, it is not supported by the indenture; and if we were to reject it wholly, which might properly be done, agreeably to numerous decisions, the question then arises, whether there is a good declaration left on which the action can be maintained.

Striking out, then, this averment of meaning, and the averment shortly after, that the plaintiff secured to the defendant the right to use, occupy and enjoy the premises for said term, which is a mere incident to the former, and, like it, wholly immaterial, we have the averment that it " was stipulated and agreed, on the part and behalf of said plaintiff, that an invoice should be taken and delivery made of the demised premises, by the first day of June then next; and that, in case the plaintiff should fail to obtain a deed of said Noyes of his undivided eighth part of said demised premises, said indenture should, in such an event, be null and void, or that the defendant should have a right to three undivided eighths on the same conditions." It is then averred that the invoice was taken and delivery of the premises made June 1, 1855; and the defendant entered on that day into the demised premises, and occupied and enjoyed the same, &c., and occupied till October 4, 1855, when the indenture was terminated by mutual agreement of the parties.

It is obvious that the election to determine whether the

lease should become void on failure to get a deed of Noyes' eighth, or whether the defendant should have the three eighths on the same conditions, was the right of the defendant. No plausible ground can be suggested for any other construction. No time is mentioned within which the condition must be performed, and of course the court are forced upon a reasonable construction of the whole instrument, to determine at what time a failure to perform the condition should enable the defendant either to avoid the lease, or to elect to take the three eighths; and it seems to us very clear, that the condition was intended, as the defendant contends, to be a condition precedent. The invoice was to be made, and the delivery of the premises made by the 1st of June, 1855; and we think this is the time at which the question was to be settled, whether the defendant should refuse to go on with his contract, or should elect to take the three eighths.

On that day the invoice was made as agreed, and possession delivered, but there is no averment that the plaintiff has obtained Noyes' deed, nor any pretense that such was the fact. The time and the case, which called for an election by the defendant, had come, and it is then averred that the defendant entered into the demised premises, and became possessed thereof, and occupied, &c., until October 4.

These acts demonstrate and constitute an election by the defendant, and the contract is then binding, as to the three eighths. And the breach alleged, though incorrect as to the amount, is yet sufficient as to the balance due upon the contract as modified by the election of the defendant. The declaration, as thus regarded, is supported by the indenture, and as to the fact of his election, by the entry and occupation, shown by his discharge, as well as by other proof referred to in the case. Upon this view there was a good cause of action alleged; there was no

variance in the proof, and the nonsuit, so far as the first count was concerned, was wrong.

In the second count there is an entire omission of all that part of the indenture which relates to the condition to procure a deed of Noyes' eighth. This is an essential part of the contract, and in any view modifies its force and construction, and is therefore indispensable to be stated. The writing produced having such a condition, varies from that alleged, and does not support it, and the nonsuit was proper as to this count, on the ground of the variance. On the point whether the nonsuit was properly allowed, because upon the facts alleged in the first count the lease was void, and afforded no ground of action ; we regard it as sufficiently appearing that the lease was not *de facto* void, because of the failure to obtain Noyes' deed, but that it was only voidable by the defendant at his election, and that the defendant, after that failure had occurred, had accepted the delivery of the property and gone into possession, by the effect of which the lease became void only as to the one eighth, but remained in force as to the remaining three eighths.

It was no doubt competent for the defendant to take advantage of this variance under the plea filed, as the defendant contends. *Howell* v. *Richards*, 11 East. 639 ; 1 Leigh's N. P. 676 ; Saund. Pl. & Ev. 393, 623.

It is contended that the alternative clause of the lease points to the subsequent execution of a new and different lease, but for this we see no satisfactory reasons. The writing seems to us quite sufficient to give effect to all the intentions of the parties.

We do not understand that it is contended that any substitute for the condition precedent has been agreed on by parol. No new bargain is claimed, but only a different construction of the original lease.

*Nonsuit set aside.*